UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANZIG JAMES WEED,

    Plaintiff,

        v.                            CAUSE NO. 3:22-CV-738-JD-MGG

ARAMARK, et al.,

    Defendants.

OPINION AND ORDER

Danzig James Weed, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Weed is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Weed is incarcerated at the Indiana Department of Correction ("IDOC") Reception Diagnostic Center. (ECF 4.) His complaint stems from an incident occurring on February 20, 2022, when he was at the St. Joseph County Jail. As of that date, he had

been convicted and sentenced and was awaiting transfer to an IDOC facility.[1] (ECF 1 at 5.)

He claims that he is a Muslim and does not eat pork due to his religious beliefs. To that end, he requested and was receiving Kosher meals at the jail, as these meals do not contain pork. Nevertheless, he claims that his dinner tray on February 20, 2022, contained a pasta salad with pepperoni in it. He did not realize the salad had pepperoni in it and so he ate it. When he realized the mistake, he felt sick. He asked for a new food tray but allegedly was not given one. He spoke with "Sandy" in the kitchen sometime later and she said it "was a mistake" that the Kosher trays contained pepperoni on that date. He claims this incident caused him mental suffering, stress, insomnia, and anxiety.

"The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009) (citation and internal quotation marks omitted). A prison policy that denies Muslim inmates a pork-free diet violates their First Amendment rights. *Hunafa v. Murphy*, 907 F.2d 46 (7th Cir. 1990). Here, however, it is evident from Mr. Weed's allegations that he was being provided meals that did not contain pork. In one instance he was served pork due to a mistake by kitchen workers.

---

[1] Public records reflect that Mr. Weed was convicted of burglary and other offenses and was sentenced on February 2, 2022, to a term of 13 years in prison. *State v. Weed*, 71D02-1909-F5-000211 (St. Joseph Sup. Ct. closed Feb. 8, 2022). The court is permitted to take judicial notice of public records in determining whether the complaint states a claim. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

It is unfortunate this incident happened, but a single, inadvertent instance of having pork served to him does not state a claim under the First Amendment. *Rapier v. Harris*, 172 F.3d 999, 1006 n. 4 (7th Cir. 1999); *see also Collins v. Aramark Food Servs.*, No. 3:22-CV-257-DRL-MGG, 2022 WL 1469374, at *1 (N.D. Ind. May 10, 2022) (Muslim inmate who received pork at one meal did not allege a First Amendment claim); *Cabanaw v. Aramark Food Serv.*, No. 3:22-CV-305-DRL-MGG, 2022 WL 1422222, at *1 (N.D. Ind. May 5, 2022) (same).

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *see also* 42 U.S.C. § 2000cc-5(7)(A). However, RLUIPA only provides for injunctive relief, not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). There is no factual content in the complaint from which the court can plausibly infer that Mr. Weed is being subjected to an ongoing burden to his religious practice. He makes clear that this was a one-time incident, and he is no longer at the facility where the incident occurred. He has not stated a claim under RLUIPA.

Additionally, the only defendants he names are St. Joseph County and "Aramark," the private company that provides meals at the jail. There is no respondeat superior liability under 42 U.S.C. § 1983, however, and these entities cannot be held liable solely because they employ staff members who were involved in this incident. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). A municipal entity or private

3

company performing a public function can be sued for constitutional violations under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but they "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021); *see also Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom.")

As outlined above, it is evident from Mr. Weed's allegations that there was no official policy by the County or Aramark to feed pork to Muslim inmates. Rather, individual employees in the kitchen apparently made a mistake leading him to receive pork in a pasta salad at one meal. This kind of isolated incident of wrongdoing cannot support a *Monell* claim.

Therefore, he has not stated a plausible constitutional claim against any defendant. In the interest of justice, the court will allow him an opportunity to file an amended complaint if after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **October 14, 2022**, to file an amended complaint as outlined in this opinion; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a plausible constitutional claim upon which relief can be granted.

SO ORDERED on September 13, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT