UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANZIG JAMES WEED,

    Plaintiff,

    v.       CAUSE NO. 3:22-CV-738-JD-MGG

ARAMARK, et al.,

    Defendants.

OPINION AND ORDER

Danzig James Weed, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 7.) Under 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Weed is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The court screened Mr. Weed's original complaint and determined that it did not state a plausible constitutional claim against any defendant. (ECF 5.) The court afforded

him an opportunity to file an amended complaint, and he responded with the present filing.[1] (ECF 7.)

Mr. Weed is incarcerated at the Indiana Department of Correction ("IDOC") Reception Diagnostic Center. (ECF 4.) His claims stem from an incident occurring on February 20, 2022, when he was at the St. Joseph County Jail.[2] He claims that he is Muslim and does not eat pork due to his religious beliefs. Nevertheless, he claims that a jail cafeteria employee named Sandy gave him and another Muslim inmate food trays containing pork on that date. He further claims that Sandy gave pork to a different Muslim inmate on February 19, 2022. He claims Sandy was fired over this incident and no longer works at the jail. He claims that he unknowingly ate some of the pork before he realized what it was, which has caused him stress, insomnia, and anxiety. Based on these events, he sues Sandy, Aramark, and St. Joseph County.

"The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013) (internal quotation marks and citations omitted). "A substantial burden puts substantial pressure on an adherent to modify his behavior and to violate his beliefs."

---

[1] The amended complaint is not on the court's approved form for prisoner civil rights actions, nor does it track the form. N.D. IND. L.R. 7-6 (requiring litigants without counsel to use clerk-supplied forms when available). Even though Mr. Weed is proceeding without counsel, he is expected to comply with applicable procedural rules. *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) ("As we have repeatedly held, even pro se litigants must follow procedural rules[.]"). In this instance, the court will overlook this deficiency.

[2] As of that date, he had been convicted of criminal offenses and sentenced to a term of incarceration. *State v. Weed*, 71D02-1909-F5-000211 (St. Joseph Sup. Ct. closed Feb. 8, 2022). The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

*Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009) (citation and internal quotation marks omitted). A prison policy that denies Muslim inmates a pork-free diet violates their First Amendment rights. *Hunafa v. Murphy*, 907 F.2d 46 (7th Cir. 1990). Here, however, Mr. Weed's claim stems from one instance of being served pork due to carelessness by a kitchen worker, who was subsequently fired. A single instance of being served pork does not state a claim under the First Amendment against Sandy. *Rapier v. Harris*, 172 F.3d 999, 1006 n. 4 (7th Cir. 1999) ("De minimis burdens on the free exercise of religion are not of constitutional dimension. . . . [T]he unavailability of a non-pork tray . . . at 3 meals out of 810 does not constitute more than a de minimis burden on [the plaintiff's] free exercise of religion."); *see also Collins v. Aramark Food Servs.*, No. 3:22-CV-257-DRL-MGG, 2022 WL 1469374, at *1 (N.D. Ind. May 10, 2022) (Muslim inmate who received pork at one meal did not allege a First Amendment claim); *Cabanaw v. Aramark Food Serv.*, No. 3:22-CV-305-DRL-MGG, 2022 WL 1422222, at *1 (N.D. Ind. May 5, 2022) (same). This is not to diminish the stress Mr. Weed may have felt over this incident, but his allegations do not give rise to a plausible constitutional claim.

The Religious Land Use and Institutionalized Persons Act ("RLUIPA") offers broader protections than the First Amendment by prohibiting substantial burdens on "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (quoting 42 U.S.C. § 2000cc-5(7)(A)). However, RLUIPA only provides injunctive relief for ongoing violations, not monetary damages. *Sossamon v. Texas*, 563 U.S. 277, 285 (2011). There is no factual content in the amended complaint from which the court can plausibly infer

3

that Mr. Weed is being subjected to an ongoing burden to his religious practice. The incident he describes occurred ten months ago at a facility where he is no longer incarcerated, and the staff member involved has been fired. He has not stated a claim under RLUIPA.

He also sues St. Joseph County and Aramark, the private company that provides meals at the jail, but these entities cannot be held liable for a constitutional violation solely because they employed someone who gave Mr. Weed pork or operated the jail where this incident occurred. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). To the extent he is trying to allege a claim against them under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), these entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021); *see also Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017) ("At the pleading stage . . . a plaintiff pursuing [a *Monell*] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom.").

There is no indication from the amended complaint there was an official policy or custom by either Aramark or the County to serve pork to Muslim inmates. Rather, he describes an incident wherein an individual employee of Aramark was careless on two

4

occasions, leading to her termination. This kind of "isolated wrongdoing" cannot support a *Monell* claim. *Howell*, 987 F.3d at 654.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close the case.

SO ORDERED on October 21, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT